IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

MARY JANE GOODALL,

    Plaintiff,

v.                                                  CIVIL ACTION NO. 3:15-cv-15005

AUTOZONE PARTS, INC.,

    Defendant.

## NOTICE OF REMOVAL

Defendant AutoZone Parts, Inc. ("AutoZone"), by counsel, files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and 1446, and states as follows:

1. Plaintiff Mary Jane Goodall, a citizen of West Virginia, commenced this action by filing a Summons and Complaint in the Circuit Court of Cabell County, West Virginia, Civil Action No. 15-C-493 (the "State Court Action").

2. The Summons and Complaint in the State Court Action were served on AutoZone via service upon the Office of the Secretary of State, state of West Virginia on or about July 31, 2015.

3. The Complaint does not demand a sum certain.

4. Prior to the filing of the State Court Action, Plaintiff's counsel sent a $1,000,000.00 demand to AutoZone. *See* Exhibit A (emails between counsel and attached demand).

5. On November 3, 2015, after the filing of the State Court Action, Plaintiff's counsel resent the $1,000,000.00 demand to AutoZone's counsel. *See* Exhibit A.

6. Plaintiff's pre-suit settlement demand does not constitute "other paper" under 28 U.S.C. § 1446(b). *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141-1142 (9th

Cir. 2013) ("A state court demand letter generally can qualify as 'other paper' within the meaning of section 1446(b). Yet, since all the other neighboring statutory terms, "an amended pleading, motion, [or] order," cannot logically precede the initial pleading, we have held that "other paper" does not embrace "any document received prior to receipt of the initial pleading.") (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885-886 (9th Cir. 2010)).

7. Pursuant to 28 U.S.C. § 1446(b) and (c), therefore, this Notice of Removal is timely since it is filed within 30 days of AutoZone's receipt of the settlement demand made on November 3, 2015, which does constitute "other paper" that establishes that the amount in controversy is in excess of $75,000.00. *See Lovern v. GMC*, 121 F.3d 160, 162 (4th Cir. 1997) ("We will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.").

8. The Circuit Court of Cabell County, West Virginia is located within the Southern District of West Virginia, Huntington Division. LR Gen P 77.2.

9. AutoZone is, and was at the time of the filing of the State Court Action, a Nevada Corporation with its principle place of business located in Memphis, Tennessee. AutoZone, therefore, is a citizen of the states of Nevada and Tennessee.

10. AutoZone is the only named defendant in this action.

11. The sum or value of this controversy exceeds $75,000.00 as reflected by Plaintiff's November 3, 2015 demand of $1,000,000.00. *See* Exhibit A.

12. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum of $75,000, exclusive of

interest and costs, and the action is between citizens of different states. This action, therefore, is removable pursuant to 28 U.S.C. § 1441(a).

13. Pursuant to 28 U.S.C. § 1446(a), a copy of the state court file is attached as Exhibit B. A certified copy of the docket sheet is attached as Exhibit C.

14. By filing this Notice of Removal, AutoZone does not waive any defense which may be available to it.

15. A copy of this Notice will be filed with the Clerk of the Circuit Court of Cabell County, West Virginia.

16. AutoZone will serve this Notice of Removal on the attorney for Plaintiff, Jon D. Hoover, Esq., Hoover Andrews PLLC, P. O. Box 249, Barboursville, WV, 25504-0249, as required by 28 U.S.C. § 1446(d).

WHEREFORE, AutoZone Parts, Inc. respectfully gives notice that this action has been removed from the Circuit Court of Cabell County, West Virginia to the United States District Court for the Southern District of West Virginia.

Dated: November 13, 2015.

**AUTOZONE PARTS, INC.**

By Counsel,

/s/ Arie M. Spitz
W. Henry Jernigan, Jr. (WV State Bar #1884)
Arie M. Spitz (WV State Bar #10867)
DINSMORE & SHOHL LLP
P.O. Box 11887
Charleston, WV 25339-1887
Telephone: (304) 357-0900
Facsimile: (304) 357-0919
Email: henry.jernigan@dinsmore.com
Email: arie.spitz@dinsmore.com

T. Matthew Lockhart (WV State Bar #11058)
DINSMORE & SHOHL LLP
P.O. Box 2185
Huntington, WV 25722
Telephone: (304) 691-8317
Facsimile: (304) 522-4312
Email: matt.lockhart@dinsmore.com
*Counsel for AutoZone Parts, Inc.*

IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

MARY JANE GOODALL,

    Plaintiff,

v.                                              CIVIL ACTION NO. 3:15-cv-15005

AUTOZONE PARTS, INC.,

    Defendant.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of November, 2015, **AutoZone Parts, Inc.'s Notice of Removal** was served via U.S. Mail and electronically upon the parties below:

        Jon D. Hoover, Esq.
        Hoover Andrews PLLC
        P. O. Box 249
        Barboursville, WV 25504-0249
        jdhoover@hooverandrews.com
        *Counsel for Plaintiff*

                                    /s/ Arie M. Spitz
                                    Arie Moshe Spitz (WV State Bar #10867)