# EXHIBIT A

**From:** Jon D. Hoover [mailto:jdhoover@hooverandrews.com]
**Sent:** Tuesday, November 03, 2015 9:22 AM
**To:** Spitz, Arie Moshe
**Subject:** RE: Goodall v AutoZone 15-C-493

Arie,

   I apologize for the delay.  Please find attached the pre-litigation settlement demand that I tendered to Autozone. I will forward hard copies of the documents that you requested.

Jon D. Hoover
Hoover Andrews PLLC
3570 U.S. Route 60 East
P.O. Box 249
Barboursville, WV 25504-0249
(Phone) 304 733 3400
(Fax) 304 733 4888
(email) jdhoover@hooverandrews.com


*" What do dreams know of boundaries?" Amelia Earhart.

*"It is not the critic who counts: not the man who points out how the strong man stumbles or where the doer of deeds could have done better. The credit belongs to the man who is actually in the arena, whose face is marred by dust and sweat and blood, who strives valiantly, who errs and comes up short again and again, because there is no effort without error or shortcoming, but who knows the great enthusiasms, the great devotions, who spends himself for a worthy cause; who, at the best, knows, in the end, the triumph of high achievement, and who, at the worst, if he fails, at least he fails while daring greatly, so that his place shall never be with those cold and timid souls who knew neither victory nor defeat."

Theodore Roosevelt
"Citizenship in a Republic,"
Speech at the Sorbonne, Paris, April 23, 1910


NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling Hoover Andrews PLLC at (304) 733 3400 so that our address record can be corrected.


**From:** Spitz, Arie Moshe
**Sent:** Friday, October 30, 2015 2:02:11 PM

**To:** Jon D. Hoover
**Subject:** Goodall v AutoZone 15-C-493

Jon:

Good talking to you this afternoon. As I mentioned, it is my understanding that you sent a pre-suit demand letter to AutoZone but that no demand has been made since the lawsuit was filed. Please send me your demand. Additionally, if you have any medical records, bills, or expert reports that you are willing to provide at this time, please send them to me as well.

Thanks very much,

Arie M. Spitz

Dinsmore & Shohl LLP  •  Legal Counsel
Huntington Square, 900 Lee Street
Suite 600
Charleston, WV 25301
T (304) 357-9971  •  F (304) 357-0919
E arie.spitz@dinsmore.com  •  dinsmore.com

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

April 16, 2015

File No.: 5153.0001

Auto Zone
5800 US RT 60 E
BARBOURSVILLE, WV 25504

|  |  |
|---|---|
| Case: | ***Goodall v. Autozone; Cabell County Circuit Court*** |
| Your Insured: | Auto Zone |
| My Client: | Mary J. Goodall |
| Policy Number: | Unknown |
| Claim Number: | Unknown |
| Date of Incident: | September 2, 2013 |
| Location of Loss: | 5800 US Route 60 East, Barboursville, West Virginia |
| Re: | Settlement Demand Packet |

AutoZone:

Please acknowledge receipt of this letter of demand for settlement of the above-captioned matter pursuant to West Virginia law. I look forward to your prompt acknowledgment.

I have investigated and evaluated the above-referenced incident, reviewed relevant and material case law, and I am now authorized to make a demand to Autozone on behalf of my client.

As you are aware Mary J. Goodall was injured when she tripped on a road block upon attempting to enter the Autozone as a guest customer/invite of Autozone located at 5800 US Route 60 East in Barboursville.

As a direct and proximate result of this incident, Mary J. Goodall, sustained serious, significant and permanent injuries to her cornea and other associated injuries.

## LIABILITY

Mrs. Goodall was accompanying her daughter, Stephanie Packer, to the Autozone store as a guest invitee/customer on September 2, 2013. As she attempted to enter the store she tripped on the concrete block stops located in the individual parking spaces. Immediately upon tripping on the concrete parking block Mrs. Goodall crashed into the sidewalk causing eye and head injuries. An AutoZone employee witnesses the fall and immediately called 911 for medical assistance.

Based upon a site inspection and a review of the enclosed photographs Mrs. Goodall's expert witness has opined that Autozone violated the legal standard of care and ASTM F1637 by not limiting protruding obstacles in a perceived pedestrian pathway. The better engineering practice is to not use parking space blocks but to just put in wider sidewalks. Based upon the initial opinions of Mrs. Goodall's expert witness liability rests clearly with Autozone. **See photographs attached hereto and incorporated herein as Exhibit A.**

## INJURIES

As a result of the incident with Mrs. Goodall suffered a severed right cornea leading to loss of vision and light perception in the right eye. Mrs. Goodall was immediately presented to Cabell Huntington Hospital ED for acute eye trauma. Based upon the ED physical examination Mrs. Goodall was noted to have an open anterior chamber with cornea dislodgment inferiorly. She was immediately transferred to St. Frances Hospital where treatment began for a ruptured globe of the right eye. She underwent immediate surgery for a traumatic ruptured globe of the right eye and massive vitreous hemorrhage.

Mrs. Goodall was treated by David Cook on September 5, 2013 on an emergent basis post trauma traumatic injury to the right eye. An ultrasound study of the right eye identified significant choroidal detachments.

Mrs. Goodall next treated with Dr. Chandos Tackett on September 24, 2013 at HIMG for continuing issues with her right eye. Dr. Tackett noted that Mrs. Goodall had a large hematoma behind her right eye and that her eye physicians were waiting for the hematoma to liquefy before aspirating it to see if she had vision. It was noted that she had immediate surgery to repair the orbit but that she still did not have vision in the right eye.

Mrs. Goodall next presented to Dr. Tackett on October 8, 2013 with similar complaints. Dr. Tackett noted that Mrs. Goodall only had peripheral vision in her left eye.

On December 9, 2013 Dr. Cook opined that vision post injury is light perception only in the right eye. Prognosis is very poor for any improvement. Mrs. Goodall is legal blind secondary to vision loss in the left eye as well.

Mrs. Goodall next presented to Dr. Tackett on December 18, 2013 and he noted that Mrs. Goodall is legally blind. She had lost vision in her right eye after her fall and her left eye has only peripheral vision.

Mrs. Goodall next presented to Retina Consultants, PLLC for continued retinal consultation on February 10, 2014. Mrs. Goodall was noted to be legally blind with trauma with dehiscence of PKP wound and development of choroidal detachments and hyphema OD in the right eye.

On June 16, 2014 Mrs. Goodall's primary physician David L. Smith noted that Mrs. Goodall is blind in her right eye and has only peripheral vision in the left eye.

***Copies of Mrs. Goodall's medical records are attached hereto and incorporated herein as Exhibit B.***

Mrs. Goodall's medical billing is itemized as follows:

| | | | |
|---|---|---|---:|
| 1. | ***Saint Francis Hospital:*** | | *$10,497.11* |
| | A. | *9/2/2013:* | *$10,497.11* |
| 2. | ***David W. Cook, M.D.:*** | | *$2,147.05* |
| | A. | *9/3/2015:* | *$335.00* |
| | B. | *9/6/2013:* | *$99.00* |
| | C. | *9/9/2013:* | *$385.00* |
| | D. | *9/11/2013:* | *$385.00* |
| | E. | *10/7/2013:* | *$385.00* |
| | F. | *10/22/2013:* | *$155.00* |
| | G. | *12/9/2013:* | *$155.00* |
| | H. | *2/10/2014:* | *$155.00* |
| | I. | *7/2/2014:* | *$20.05* |
| | J. | *7/22/2014:* | *$73.00* |
| 3. | ***Cabell Huntington Hospital:*** | | *$3,922.00* |
| | A. | *9/2/2013:* | *$3,922.00* |
| 4. | ***Minardi Eye Center, Inc.:*** | | *$5,750.00* |
| | A. | *9/4/2013:* | *$2,000.00* |
| | B. | *9/18/2013:* | *$3,750.00* |
| ***Total:*** | | | *$22,316.16* |

***Copies of Mrs. Goodall's medical billing are attached and incorporated herein as Exhibit C.***

Mrs. Goodall is not asserting a past lost wage claim.

From September 2, 2013 Mrs. Goodall has been legally blind which has had a severe impact on her relationship with her family, friends, her ability to perform household functions and her enjoyment of life. Prior to the fall and her injuries, Mrs. Goodall performed a variety of indoor and outdoor household functions. Additionally, she enjoyed numerous hobbies and activities with her family. Due to being blind and having limited peripheral vision the household functions previously performed by Mrs. Goodall have been stopped. In fact her blindness has forced her to move into the home of her son and daughter-in-law. Mrs. Goodall is highly restricted in her ability to enjoy life and is constantly finding ways to accommodate for her blindness at home. If the case proceeds to litigation it is certain that Mrs. Goodall will have a loss of household function claim.

As a direct and proximate result of the negligence of Autozone by and through its employees, Mrs. Goodall has suffered special damages in an amount of **$22,316.16.**

## DEMAND

In consideration of the undisputed facts, the basis of clear liability against Autozone the blindness suffered by Mrs. Goodall, the amount of Mrs. Goodall's medical bills to date, Mrs. Goodall's past loss of household services claim, Mrs. Goodall's mental anguish, emotional distress, pain and suffering, and loss of enjoyment of life suffered by Mrs. Goodall, I am hereby authorized to submit a settlement demand in the amount of **One Million Dollars ($1,000,000.00)** for a full and complete compromise of all the claims of my client against Autozone. With the underlying facts, clear liability, and the amount of damages this demand is very reasonable.

This demand is made without prejudice and will be held open for a period of 30 days in the expectation that you will review your file and respond within that period of time. You have been aware of my clients' claim for a reasonable period of time. I hope that you have already completed your investigation and your evaluation of my clients' claims. I further hope that this matter can be resolved without the necessity of expensive and protracted litigation.

If you have any questions as it pertains to any matter that has arisen in this case, please do not hesitate to contact my office. I have appreciated your cooperation in this matter and look forward to speaking with you in the near future.

Sincerely,

Jon D. Hoover

CC:
Mary J. Goodall
4510 Montrose Place
Huntington, WV 25705